UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SOON PHATDOUANG, | : | |
| Petitioner, | : | 1:19-cv-0643 |
| | : | |
| v. | : | Hon. John E. Jones III |
| | : | |
| DOUGLAS K WHITE, WARDEN, | : | |
| Respondent. | : | |

## MEMORANDUM

### June 18, 2020

Presently before the Court is a petition for writ of habeas corpus (Doc. 1) pursuant to 28 U.S.C. § 2241, filed by Petitioner Soon Phatdouang ("Petitioner"), a federal inmate in the custody of the Federal Bureau of Prisons ("BOP") housed at the Allenwood Low Federal Correctional Institution, White Deer, Pennsylvania. He alleges that his due process rights were violated in the context of a disciplinary proceeding.

The petition is ripe for disposition and, for the reasons that follow, will be denied.

## I.   BACKGROUND

The BOP's disciplinary process is fully outlined in Code of Federal Regulations ("C.F.R."), Title 28, Sections 541 through 541.8 (2011).  These regulations dictate the manner in which disciplinary action may be taken should a prisoner violate, or attempt to violate, institutional rules.  The first step requires

filing an incident report and conducting an investigation pursuant to 28 C.F.R. § 541.5. Staff is required to conduct the investigation promptly absent intervening circumstances beyond the control of the investigator. 28 C.F.R. § 541.5(b).

Following the investigation, the matter is referred to the Unit Disciplinary Committee ("UDC") for an initial hearing pursuant to 28 C.F.R. § 541.7. The UDC review/hearing is "ordinarily [held] within five work days after [the incident report] is issued" and does not include the initial day staff learns of the incident, weekends, or holidays. *See id*. at § 541.7(c). If the UDC finds that a prisoner has committed a prohibited act, it may impose minor sanctions. *Id.* If the alleged violation is serious and warrants consideration for more than minor sanctions, or involves a prohibited act listed in the greatest or high category offenses, the UDC refers the matter to a Disciplinary Hearing Officer ("DHO") for a hearing. *Id.* Greatest Severity category offenses carry a possible sanction of, *inter alia*, loss of good conduct time credits. 28 C.F.R. § 541.3. Regulations require the Warden to give the inmate advance written notice of the charges no less than 24 hours before the DHO hearing and offer the inmate a full time staff member to represent him at the DHO hearing. *Id.* at § 541.8 (c) and (d).

On March 2, 2018, during the course of a mass shakedown of Gregg Unit, Officer Hillyer discovered a commissary honey container which contained an unknown green colored chemical that smelled of alcohol on the top shelf of

Petitioner's secured locker. (Doc. 6-1, p. 13). The item was eventually determined to be a chemical known as "Kool Klene." (*Id.*). The "item is classified as highly dangerous and flammable and should be stored in a tightly closed container; in a well ventilated area. Inmates are not authorized to have this chemical in their possession." (*Id.*). On March 12, 2018, Petitioner received Incident Report Number 3095271 charging him with Possession of a Dangerous Chemical, Prohibited Act Code 104.

He was provided with written notice of the charges on March 12, 2018. He was advised of his rights, indicated that he understood his rights and offered no comment. (*Id.* at 14). On March 13, 2018, the Unit Discipline Committee ("UDC") convened and Petitioner commented "I got it from my cellie to clean the toilet due to the flu. If I had known what it was I wouldn't have touched it." (*Id.*). The UDC noted that the severity of the charges mandated referral to the DHO for a hearing. (*Id.*). He was again advised of his rights before the DHO. (*Id.* at 10, 15, 16).

At the DHO hearing, the inmate is "entitled to make a statement and present documentary evidence" and has the right to submit names of requested witnesses and have them called to testify and to present documents. 28 C.F.R § 541.8(f). The DHO shall "call witnesses who have information directly relevant to the charge[s] and who are reasonably available." *Id.* § 541.8(f)(2). The DHO need not

call repetitive witnesses or adverse witnesses. *Id.* § 541.8(f)(3). The inmate has the right to be present throughout the DHO hearing except during "DHO deliberations or when [his] presence would jeopardize institution security, at the DHO's discretion." *Id.* § 541.8(e). The DHO must "consider all evidence presented during the hearing." *Id.* § 541.8(f). "The DHO's decision will be based on at least some facts and, if there is conflicting evidence, on the greater weight of the evidence." *Id.* The DHO has the authority to dismiss any charge, find a prohibited act was committed, and impose available sanctions. *Id.* at § 541.8. The DHO must prepare a record of the proceedings sufficient to document the advisement of inmate rights, DHO's findings, "DHO's decision", specific "evidence relied on by the DHO" and must identify the reasons for the sanctions imposed. *Id.* at § 541.8(f)(2). A copy must be delivered to the inmate. *Id.*

Petitioner appeared before the DHO on March 29, 2018. (*Id.* at 10-12). The DHO reviewed with him his due process rights; he indicated that he understood those rights. (*Id.* at 10). He provided the statement "I did not know. There was flu going around." (*Id.*). He waived his right to witnesses and declined staff representation. (*Id.*).

After considering the Incident Report and investigation, photographic evidence and a memorandum from and individual identified as K.Grado, the DHO found the act, Possession of a Dangerous Chemical, Prohibited Act Code 104, was

committed as charged.  Under the heading "Specific Evidence Relied on to Support Findings", the DHO cited the Incident Report, inculpatory photographic evidence, and a memorandum from cook supervisor Katrina Grado, who identified the substance as "Kook Klene." (*Id.* at 11).  The memorandum contained the following information:

> Food service uses Kool Klene chemical as a no thaw freezer cleaner.  It is a flammable liquid and vapor-category 3.  It causes serious eye damage and eye irritation…  It should be stored in a tightly closed container in a well ventilated area.  The hazardous ingredients found in this chemical are Glycerin, Isopropyl Alcohol, and Ethanolamine.  The appearance of this chemical is a liquid, light green in color, and alcohol-like odor.
>
> I verified this substance found in a honey bottle that was confiscated from a housing unit.

(Doc. 6-1, p. 19).  The DHO also considered a material safety data sheet on Kool Klene.  (*Id.* at 11, 21-26).  The DHO referenced Petitioner's statement and noted that it was not compelling in demonstrating that he did not commit the charged act.  (*Id.* at 11).

In imposing the sanctions of forty days loss of good conduct time, disciplinary segregation, and the loss of commissary and visiting privileges, the DHO noted that Petitioner's possession of a dangerous chemical threatened the safety of both staff and inmates due to potential physical contact with the substance.  (*Id.* at 12).  The imposition of disciplinary segregation and loss of good conduct time was to punish; the loss of privileges served to deter.  (*Id.*).  The

DHO issued the report on April 6, 2018.  Petitioner received it on April 17, 2018.  (*Id.*).

Petitioner filed the instant petition on April 15, 2019, arguing that "the facts fail to support a Prohibited Act charge of Code 104 and should have been reduced to a lesser Code 305 charge as inmates are allowed to possess the chemical in question."  (Doc. 1, p. 2).  He seeks to have the incident report vacated and have the matter remanded for further proceedings.  (*Id.* at 7).

## II.   DISCUSSION

Petitioner's claim that his due process rights were violated in the context of the disciplinary hearing process, and that these violations resulted in a loss of good conduct time, is properly the subject of this habeas petition because it directly impacts the duration of his confinement.  The Due Process Clause of the Fifth Amendment of the Constitution of the United States provides: "No person shall . . . be deprived of life, liberty, or property, without due process of law."  U.S. CONST. amend. V.  Federal inmates possess a liberty interest in good conduct time.  *See Wolff v. McDonnell*, 418 U.S. 539, 555-57 (1974); *Young v. Kann*, 926 F.2d 1396, 1399 (3d Cir. 1991).

When a prison disciplinary hearing may result in the loss of good conduct time credits, due process requires that the prisoner receive certain due process protections:  1) written notice of the claimed violation at least twenty-four (24)

hours in advance of the hearing; 2) the opportunity to call witnesses and present documentary evidence when consistent with institutional and correctional goals; 3) assistance in presenting a defense if the inmate is illiterate; 4) an impartial tribunal; and 5) a written statement by the factfinder as to evidence relied on and reasons for the disciplinary action. *See Wolff*, 418 U.S. at 564; *Superintendent, Mass. Corr. Inst., Walpole v. Hill*, 472 U.S. 445, 454 (1985).

Petitioner does not assert that he was denied any of the above due process protections. Rather, he posits that there was insufficient evidence to support the DHO's decision that he committed a Code 104 violation. He takes issue with the lack of a definition of a dangerous chemical and the word "possession" in the text of Code 104. (Doc. 1-1, p. 5; Table 1 in 28 C.F.R. § 541.3). He asserts "if the Kool Klene were a dangerous chemical within the meaning of Prohibited Act Code 104 as drafted, its possession by [him] would have been punishable the moment the Kool Klene was given to him for cleaning by the guard, not because he had some in a honey container in a locker." (Doc. 1-1, p. 5).

The decision of the hearing examiner will be upheld if there is "some evidence" in the record to support the decision. *Hill*, 472 U.S. 445, 455 (1985); *see also Young*, 926 F.2d at 1402-03 (applying *Hill* standard to federal prisoner due process challenges to prison disciplinary proceedings). A challenge to the sufficiency of the evidence supporting the DHO's decision, "does not require

7

examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence.  Instead, the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Hill*, 472 U.S. at 455. If there is "some evidence" to support the decision, the court must reject any evidentiary challenges by the Petitioner. *Hill*, 472 U.S. at 457.

Review of the record reveals that, in arriving at a finding of guilty, the DHO relied on the incident report and investigation, viewed inculpatory photographs, considered a memorandum identifying the Kool Klene as the substance found in Petitioner's locker and explaining the nature of the chemical, and reviewed the safety data sheet on Kool Klene.  The DHO's decision clearly meets the due process requirement of being supported by "some evidence in the record" under *Hill*.  *See Sinde v. Gerlinski*, 252 F.Supp.2d 144, 150 (M.D. Pa. 2003) ("If there is 'some evidence' to support the decision of the hearing examiner, the court must reject any evidentiary challenges by the plaintiff") (quoting *Hill*, 472 U.S. at 457).

### III.   **CONCLUSION**

Based on the foregoing, the petition for writ of habeas corpus will be denied. A separate Order will enter.